(29 Misc. Rep. 440.)

### PEOPLE ex rel. O'BRIEN v. TOWN BOARD OF PLATTSBURG.

(Supreme Court, Special Term, St. Lawrence County. November, 1899.)

**1. TOWNS—SCHOOL TEACHERS—PENSIONS.**

> Laws 1895, c. 767, authorizing a town to pension school teachers "who have been employed in the common schools thereof for not less than twenty-five years," applies only to such teachers as had been employed for 25 years prior to the passage of the section.

**2. SAME—VOTE—VALIDITY.**

> Under Laws 1895, c. 767, authorizing a town to vote to pension a school teacher on the passage of a resolution of the town board, pursuant to a vote of 25 taxpayers, a vote to raise money "to provide a teachers' pension fund," under a petition and resolution to pension P., is invalid, as extending beyond the purview of the law. ·

**3. SAME—SUBMISSION TO ELECTORS—NOTICE.**

> Under Laws 1895, c. 767, requiring that notice of the submission to the electors of a town of a question whether a school teacher should have a pension should be "published in a newspaper printed in such town, if any paper be published therein, or printed or written notice posted in not less than ten public places," the posting of notices is not sufficient where there is a newspaper printed in the town. ·

Application by the people, on the relation of Mary O'Brien, for mandamus against the town board of Plattsburg. Denied.

W. L. Pattison, for petitioner.
David H. Agnew, for respondent.

RUSSELL, J. The relatrix applies for a writ of mandamus compelling the town board to award her a teacher's pension. She relies upon a vote of the electors of the town upon the proposition, "Shall a sufficient sum of money be raised to provide a teachers' pension fund?" Upon that proposition 254 voted affirmatively, 249 negatively, and 49 ballots were blank or defective. How many taxpayers there were in the town does not appear. That proposition was submitted to the taxpayer electors of the town in pursuance of the vote of the town board, apparently taken on the 3d of February, 1896. The submission resolution of the town board is as follows: "Moved and seconded that the matter of a pension for W. H. Phillips be submitted to the voters of the coming town meeting as provided by law." · That resolution was apparently passed in pursuance of a petition of the taxpayers, to the number of more than 25, asking for the submission at the next annual town meeting of the question of making provision by taxation upon the taxable property in the town for a sum of money sufficient to pay William H. Phillips, who had taught in the schools for over 25 years, a pension, as provided by chapter 767 of the Laws of 1895. This petition was dated February 14, 1896,

and filed February 21, 1896; both dates apparently being subsequent to the date of the passage of the resolution by the town board. It will be observed that the initiatory proceedings of the taxpayers and the town board were begun for the special purpose of providing a pension for William H. Phillips, an old teacher, and that upon such proceedings the general resolution referred to was carried affirmatively, providing for a general teachers' pension fund; there being a majority of 5 of those who voted a correct ballot.

This act of the legislature is very imperfectly drawn. Upon casual reading it would seem to be an imperative direction upon the town board to report in favor of teachers who should continuously serve in the town for 25 years a pension charge for one-half the previous wages, where, upon the petition of 25 taxpayers of the town, the question is submitted to the taxpayers, and a majority voting declare in favor of such fund. The obligation would in that case become perpetual upon the town to pay all of its teachers who served 25 years, for the remainder of their lives, though no longer serving, for no method seems to be incorporated in the act for a termination of the effect of such a resolution in case it has the application suggested. The consequences of such a construction would be too far-reaching to be considered as within the purpose of the legislature. Adopting, however, a more limited view to the act, as referring to teachers who at the time of its passage had served faithfully for over a quarter of a century, and who were known to the taxpayers as having completed such term of service, and whose special merits or physical disabilities, by accident or the impairment of age contracted during public service, disqualified them from earning a decent livelihood, the purposes of the act are beneficent, and might well appeal graciously to those who had to sustain the burden of a pension fund. Applying this construction, the relator is not entitled, for she had not served 25 years as a teacher in the town at the time of the passage of the act.

Again, it is apparent that the statute does not, in its fair construction, authorize the imposition of a burden for all time upon a notice addressed to the taxpayers, asking them to vote simply on a beneficial pension provision for one designated public servant, whose merits entitled him to favorable consideration. Hence, the general resolution, being upon the request of the petition and the town board to vote a pension for William H. Phillips, went far beyond the power of 254 taxpayers of the town to impose as a general fiscal obligation for all teachers serving a quarter of a century.

It is apparent, also, that the law designed publication of the proposed presentation of the proposition in a newspaper printed in the town, and intended the posting of printed notices in place thereof only where no newspaper was published in such town.

The town board would not be justified in doing any act providing for the payment of a pension to the relator under the proposition voted upon in 1896 in the town of Plattsburg. The application for a writ of mandamus is therefore denied.

Application denied.